IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAN TU TRINH,**<br>        **Plaintiff,**<br><br>v.<br><br>**U.S. DEPARTMENT OF EDUCATION,**<br>        **Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO. 18-1668** |

## MEMORANDUM OPINION

Plaintiff Lan Tu Trinh brings suit against Defendant U.S. Department of Education ("DOE") for claims stemming from the closure of LT International Beauty School ("LT Beauty"), which Plaintiff operated with her sister prior to its court-ordered dissolution in 2017. ECF No. 9. Plaintiff's sister subsequently opened KAT Beauty School, Inc. ("KAT"), and Plaintiff generally avers that the closure of LT Beauty and opening of KAT have been mishandled. *Id.*

DOE now moves for summary judgment, asserting that Plaintiff has neither articulated a claim nor adduced any evidence during discovery. Summary judgment is appropriate when the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must "view the facts and draw inferences in the light most favorable to the nonmoving party." *Ray v. Twp. of Warren*, 626 F.3d 170, 173 (3d Cir. 2010). Because Plaintiff proceeds pro se, the court must liberally construe her filings. *Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010).

In her complaint, Plaintiff alleged only that DOE had "authorized someone to change [her] business name and take over its accreditation without [her] authorization or consent," and that Plaintiff had "requested an answer of why these damages," but "[n]o one could respond with

an adequate explanation." ECF No. 2. Plaintiff also attached a number of documents to the complaint, including:

- A license for a cosmetology school granted by the Commonwealth of Pennsylvania for LT Beauty;

- An email exchange with the National Accrediting Commission of Career Arts & Sciences, Inc. ("NACCAS"), where Plaintiff asked to cancel LT Beauty's "certification" for its current locations;

- What appears to be a database entry from NACCAS indicating that KAT has applied for and received accreditation, and which lists Plaintiff as a supervisor of KAT;

- A Philadelphia Police Department Complaint or Incident Report, indicating that Plaintiff "stated that an unknown person used her name to open up a beauty school"; and,

- The second page of what appears to be a two-page letter from DOE, indicating that administrative actions are pending against LT Beauty, and that additional information was needed regarding its annual audit submission.

*Id.* Though not entirely clear from Plaintiff's submissions, Plaintiff she also asserted that DOE improperly handled LT Beauty's debt to DOE, and that DOE withdrew funds from LT Beauty that should have been withdrawn from KAT.

In its summary judgment motion, with regard to the allegations in the complaint, DOE submitted affidavits stating that it did not have any authority to change a business's name or transfer its accreditations. ECF No. 13. Rather, as reflected by the materials submitted by Plaintiff and as required by applicable regulations, the Commonwealth of Pennsylvania and NACCAS control licensing and accreditation, respectively. *Id.* Further, with regard to the assertion that DOE improperly handled LT Beauty's debt, DOE provided evidence that LT Beauty had participated in DOE's Title IV federal student aid programs between October 1998 and August of 2017, and, as a result, LT Beauty was required to submit financial audits to DOE to account for Title IV funds; that LT Beauty fell behind in its obligations and was required to submit a letter of credit to DOE; and that DOE subsequently drew down on this letter of credit

when LT Beauty stopped responding to communications or otherwise complying with its Title IV obligations. *Id.* Finally, DOE stated that no entity named KAT Beauty School or anything similar has applied to DOE to participate in Title IV, and that DOE has no information regarding such an entity beyond Plaintiff's allegations in this suit. *Id.*

In response to DOE's summary judgment motion, Plaintiff stated that DOE "is allowing KAT Beauty School to operate immediately and illegitimately"; that DOE "conspired to shut down" LT Beauty; that DOE "is providing fraudulent statements and documents in this case"; and that "DOE does not want to take responsibility for the events, allowing KAT Beauty School to operate freely without investigation." ECF Nos. 14, 16.

On this record, summary judgment in favor of DOE is appropriate. Even assuming that Plaintiff's allegations amount to a cognizable legal claim against DOE, Plaintiff has not provided any evidence to support such a claim and thus cannot overcome DOE's motion for summary judgment. *See, e.g.*, *Jackson v. Beard*, 365 F. App'x 332, 333 (3d Cir. 2010) (pro se litigant's "conclusory allegations . . . —without any additional evidence—are insufficient to plausibly demonstrate that a genuine issue of material fact exists"); *Tucker v. I'Jama*, 361 F. App'x 405, 408 (3d Cir. 2010) ("lack of any evidence to overcome summary judgment" rendered summary judgment against pro se litigant appropriate).

Even so, as to the allegations in the complaint—that DOE "authorized someone to change [Plaintiff's] business name and take over its accreditation without [Plaintiff's] authorization or consent"—DOE has provided evidence indicating that it had no authority to take any such action, and that it has not had any interaction with KAT or any similarly named entity. Plaintiff has not provided any evidence to the contrary. In fact, her own submissions indicate that Pennsylvania and NACCAS are the responsible entities for business licensing and accreditation, since LT Beauty's license was granted by Pennsylvania and its accreditation was controlled by

NACCAS.  As a result, Plaintiff's conclusory assertions that DOE is responsible are insufficient to defeat summary judgment.

Liberally construing Plaintiff's filings, she also asserts that DOE improperly handled LT Beauty's debt to DOE, and that DOE should have instead taken money from KAT.  Again, however, DOE has presented evidence that LT Beauty neglected its financial obligations to DOE under Title IV, that DOE properly drew down on LT Beauty's letter of credit to satisfy those obligations, and that DOE has had no interaction with KAT.  Once again, Plaintiff has provided no evidence to dispute DOE's account.

Accordingly, summary judgment in favor of DOE is appropriate.  *See, e.g.*, *Jackson*, 365 F. App'x at 333; *Tucker*, 361 F. App'x at 408.

**May 29, 2019**                                      **BY THE COURT:**

                                                                          /s/Wendy Beetlestone, J.

                                                                          **WENDY BEETLESTONE, J.**